David A. Birdsell
Chapter 7 Panel Trustee
216 North Center
Mesa, Arizona 85201
Telephone: (480) 644-1080
Facsimile: (480) 644-1082
Email: dab@azbktrustee.com

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| STELLA A. FLEMING | ) Case No.2:20-bk-00702-MCW |
| | ) |
| Debtor(s). | ) Adversary No. 2:21-ap-MCW |
| | ) |
| DAVID A. BIRDSELL, Chapter 7 Trustee, | ) |
| | ) **TRUSTEE'S COMPLAINT FOR** |
| Plaintiff, | ) **REVOCATION OF DEBTOR'S** |
| | ) **DISCHARGE, PURSUANT TO 11 U.S.C. §** |
| vs. | ) **727(d)(3)** |
| | ) |
| STELLA A. FLEMING | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |

David A. Birdsell ("<u>Plaintiff</u>" or "<u>Trustee</u>"), as and for his complaint against **STELLA A. FLEMING** ("<u>Debtor</u>" or "<u>Defendant</u>"), alleges as follows:

## JURISDICTION AND VENUE

1.      This adversary proceeding is brought in connection with the above-captioned case pending under Chapter 7 of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>").

2.      Jurisdiction is vested in this Court by virtue of 28 U.S.C. §§ 1334, 151 and 157 and General Order No. 01-15 of the United States District Court of the District of Arizona and 11 U.S.C. § 727.

3.    Venue is proper pursuant to 28 U.S.C. § 1409(a).

4.    This is a core proceeding under 28 U.S.C. § 157(b).

5.    Pursuant to Fed.R.Bankr.P. 7001, proceedings to revoke a debtor's discharge are adversary proceedings governed by Part VII of the Bankruptcy Rules.

6.    The Trustee is permitted to bring this adversary action on behalf of the estate, pursuant to Fed.R.Bankr.P. 6009.

## GENERAL ALLEGATIONS

7.    On January 21, 2020 ("Petition Date"), the Debtor filed her voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

8.    Mr. Birdsell is the duly appointed Chapter 7 trustee of Debtor's bankruptcy case.

9.    The Debtor has failed to provide turnover complete copies of her 2019 federal and state income tax returns, her 2019 federal and state income tax refunds and excess cash in her bank account in the amount of $1,500.

10.    Despite prior demands for turnover, the Debtor did not turn over complete copies of her 2019 federal and state income tax returns, her 2019 federal and state income tax refunds and excess cash in her bank account in the amount of $1,500.

11.    The Trustee filed a *Motion for Turnover of Bankruptcy Estate Property, Pursuant to 11 U.S.C § 542* on August 15, 2020 (the "Turnover Motion") to compel the Debtor to turn-over complete copies of her 2019 federal and state income tax returns, her 2019 federal and state income tax refunds and excess cash in her bank account in the amount of $1,500 to the Trustee.

12.    The Debtor did not comply with the Trustee's Turnover Motion.

13.    On March 29, 2021; the Court entered its *Order Approving Motion for Turnover of Bankruptcy Estate Property, Pursuant to 11 U.S.C. § 542* at Docket No. 28 ("Turnover Order").

14.    Pursuant to the Turnover Order, the Debtor was required to turn-over complete copies of her 2019 federal and state income tax returns, her 2019 federal and state income tax refunds and excess cash in her bank account in the amount of $1,500.

Case 2:21-ap-00092-MCW    Doc 1    Filed 04/12/21    Entered 04/12/21 12:11:37    Desc
Main Document    Page 2 of 4

15.     On or about March 29, 2021, Trustee sent a letter to Debtor along with the Turnover Order and demanding turnover of complete copies of her 2019 federal and state income tax returns, her 2019 federal and state income tax refunds and excess cash in her bank account in the amount of $1,500.

16.     The Debtor did not respond.

17.     The Debtor did not turn-over complete copies of her 2019 federal and state income tax returns, her 2019 federal and state income tax refunds and excess cash in her bank account in the amount of $1,500.

18.     The Debtor has failed to comply with the Court's Turnover Order, because the Debtor did not turn-over complete copies of her 2019 federal and state income tax returns, her 2019 federal and state income tax refunds and excess cash in her bank account in the amount of $1,500.

## COUNT ONE

### THE DEBTOR'S DISCHARGE SHOULD BE REVOKED

### [11 U.S.C. § 727(d)(3)]

19.     The Trustee incorporates by reference all the allegations contained in the preceding paragraphs above as though fully set forth herein.

20.     Pursuant to 11 U.S.C. § 727(d)(3), the Court shall revoke a debtor's discharge if a debtor has refused to obey any lawful order of the Court.

21.     The Debtor has failed to comply with this Court's Turnover Order dated March 29, 2021 at Dkt. Entry #28 because she failed to turn over complete copies of her 2019 federal and state income tax returns, her 2019 federal and state income tax refunds and excess cash in her bank account in the amount of $1,500. Accordingly, the Debtor's discharge should be revoked, pursuant to 11 U.S.C. § 727(d)(3).

WHEREFORE, the Trustee respectfully requests the Court enter judgment against the Debtor as follows:

Case 2:21-ap-00092-MCW    Doc 1    Filed 04/12/21    Entered 04/12/21 12:11:37    Desc
Main Document    Page 3 of 4

1     A.      Revoking Debtor's discharge, pursuant to 11 U.S.C. § 727 (d)(3); and

2     B.      For such other and further relief as the Court deems just and proper under the

3 circumstances of this case.

4     Respectfully submitted this 12th day of April 2021.

                      DAVID A. BIRDSELL, Chapter 7 Trustee

'

                      /s/David A. Birdsell